








```
TKL    3/29/01    6:47
3:97-CV-01218   GUTIERREZ V. GIVENS
*245*
*O.*
```



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLA GUTIERREZ, et al., on Behalf of Themselves and All Other Similarly Situated,<br><br>Plaintiffs,<br>vs.<br>CHARLES J. GIVENS, JR., et al.,<br>Defendants. | CIV. NO. 97CV1218-B (JAH)<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL |

This matter came on for hearing on March 12, 2001, upon the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement ("the Stipulation") dated December 12, 2000. Due and adequate notice having been given to the Settlement Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the entire record in the Federal Action, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Judgment and Order of Dismissal (the "Final Judgment"), adopts all defined terms as set forth in the Stipulation.

2. Pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure, this Court has certified a Settlement Class defined as all class member judgment creditors in the Class previously certified by the Superior Court of the State of California in August 1995 in

1  the State Action (residents of California who purchased a membership in the Organization
2  between May 5, 1986 and March 17, 1993). Excluded from the Class are the Defendants
3  named in the Federal Action, members of the immediate families of the Individual
4  Defendants, any entity in which any Defendant has a controlling interest, and the legal
5  representatives, heirs, successors, or assigns of the Defendants. Also excluded are those
6  individuals who previously opted-out of the State Action, who are listed as an attachment to
7  the final judgment in the State Action.

8  3.  With respect to the Settlement Class, this Court finds and concludes that: (a)
9  the members of the Class are so numerous that joinder of all Class members in the class
10 action is impracticable; (b) there are questions of law and fact common to the Class; (c) the
11 claims of the Representative Plaintiffs are typical of the claims of the Class; (d) the
12 Representative Plaintiffs and their counsel have fairly and adequately represented and
13 protected the interest of the Class members; and (e) the prosecution of separate actions by
14 individual members of the Class would create a risk of adjudications with respect to
15 individual members of the Class which would, as a practical matter, be dispositive of the
16 interests of other members not parties to the adjudications or substantially impair or impede
17 their ability to protect their interests.

18 4.  The Court has jurisdiction over the subject matter of the Action, the
19 Representative Plaintiffs, the other Members of the Settlement Class, and the Defendants.

20 5.  The Court finds that the distribution of the Notice of Pendency and Settlement
21 of Class Action and Settlement Hearing, as provided for in the Order Preliminarily
22 Approving Settlement, constituted the best notice practicable under the circumstances to all
23 Persons within the definition of the Settlement Class, and fully met the requirements of Rule
24 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and
25 any other applicable law.

26 6.  Pursuant to and in accordance with the requirements of Rule 23 of the Federal
27 Rules of Civil Procedure, the Court approves the Settlement of the above-captioned action
28 set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable, and

adequate as to the Settling Parties. The Parties to the Stipulation are directed to perform in accordance with the terms set forth in the Stipulation, except that to the extent the Stipulation of Settlement provides a means for disbursing fees and expenses that conflicts with this Court's Order Awarding Plaintiff's Counsel Fees and Expenses, the Order Awarding Plaintiff's Counsel Fees and Expenses controls.

7. All claims asserted against the Settling Defendants in the Federal Action, including all of the Released Claims against the Released Persons, are dismissed with prejudice and the Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Upon the Effective Date, the Representative Plaintiffs hereby fully, finally, and forever release, relinquish, and discharge all Released Claims (including Unknown Claims) against each and all of the Released Persons.

9. Upon the Effective Date, each and all Settlement Class Members shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against each and all of the Released Persons.

10. Upon the Effective Date, the Settling Defendants shall fully, finally, and forever release, relinquish, and discharge the Representative Plaintiffs and each and all of the other Settlement Class Members, and Representative Plaintiffs' Counsel, from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, or resolution of the Action or the Released Claims.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants. Released Persons may file the Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction of any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Settling

1  Defendants have denied and continue to deny each and all of the claims alleged in the
2  Action. The Representative Plaintiffs or any other Member of the Settlement Class may file
3  the Stipulation in any proceeding brought to enforce any of its terms or provisions.

4        12.    The Court reserves exclusive and continuing jurisdiction over the Action, the
5  Representative Plaintiffs, the Settlement Class and the Released Persons for the purposes of:
6  (1) supervising the implementation, enforcement, construction, and interpretation of the
7  Stipulation and this Judgment and (2) hearing and determining any application by Class
8  Counsel for an award of attorney's fees, costs, and expenses. Upon the Effective Date,
9  jurisdiction for the purpose of supervising the distribution of the Settlement Fund shall pass
10 to the Honorable Richard J. Haden, Judge of the Superior Court of the State of California,
11 County of San Diego (or in Judge Haden's absence, the Judge to whom the State Action is
12 assigned).

13       IT IS SO ORDERED.

15 DATED: 3-27-01

                                    UNITED STATES SENIOR DISTRICT JUDGE

18 cc:  All Parties
        Magistrate Judge